JOHN A. CONKEY CO. (NICHOLSON & CO.) v. UNITED STATES

No. 4688.—Invoices dated London, England, November 10, 1938, etc.
Certified November 12, 1938, etc.
Entered at Boston, Mass., November 22, 1938, etc.
Entry No. 5903, etc.

(Decided December 5, 1939)

*Joseph F. Lockett* for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the defendant.

EVANS, Judge: These are appeals to reappraisement from findings of value by the appraiser at the port of Boston, Mass. Six cases were consolidated at the trial. The merchandise consists of emery cloth and garnet papers from England. The emery cloth was entered under so-called duress to meet advances made by the appraiser in certain other cases, at prices less a discount of 2½ per centum, packing included, and appraised as entered. The importer claims that discounts of 5 per centum and 5 per centum should be allowed from the unit prices.

The only question before me is the amount of discount to be allowed. From the testimony of the examiner of this type of merchandise at the port of entry it is apparent that the merchandise under the caption of "emery cloth" on the invoices is similar in all respects to that involved in the case of *John A. Conkey & Co.* v. *United States* and *United States* v. *John A. Conkey & Co.*, reported in Reap. Dec. 4229, and that the conditions surrounding these importations were the same as obtained at the time of the importations involved in the consolidated case.

Upon this record I find that as to the emery cloth involved, the proper basis of appraisement is the foreign value as represented by the *per se* unit entered prices, less 5 per centum and 5 per centum discount, packing included. As to all other merchandise the values are as found by the appraiser.

Judgment will be rendered accordingly. It is so ordered.